**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT**

IN RE:

**MICHAEL K. NUTGRASS**                                            **CASE NO. 11-30727**
**MELISSA J. NUTGRASS**

**DEBTORS**

**J. JAMES ROGAN, TRUSTEE**                                            **PLAINTIFF**

**VS.**                                                              **ADV. NO. 12-3008**

**GREENTREE FINANCIAL SERVICING CORPORATION**
**CITIFINANCIAL SERVICES, INC.**
                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Trustee's Motion for Summary Judgment

("Motion") [Doc. 17][1] against CitiFinancial Services, Inc. ("Citi") and Green Tree Servicing

Corp. ("Green Tree," and collectively with Citi, the "Defendants"). Citi filed a response [Doc.

21] to the Motion to which Trustee replied [Doc. 30]. A hearing was held on February 8, 2013.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Having reviewed the record and the

pleadings and having considered the arguments of counsel, the Court grants the Trustee's Motion

to the extent that Citi's lien against the Debtors' manufactured home was not properly perfected

and is avoidable by the Trustee pursuant to 11 U.S.C. § 544. The Court finds, however, that the

Trustee's Motion requests judgment on matters not asserted in its Complaint and denies the

Trustee's Motion insofar as it requests relief regarding the manner of distribution of proceeds

---

[1] The Motion is titled "Motion for Summary Judgment Memorandum of Law in Opposition to Defendants Motion
for Summary Judgment." However, neither Defendant filed a motion for summary judgment in this matter. This
Memorandum Opinion and Order relates only to the Trustee's Motion currently before the Court.

received from the sale of the manufactured home.  The following constitutes the Court's findings

of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## STANDARD FOR MOTION FOR SUMMARY JUDGMENT

This matter is ripe for decision pursuant to Federal Rule of Civil Procedure 56, which

applies in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

> [O]n several occasions, the Court of Appeals for the Sixth Circuit has described
> the standard to grant a motion for summary judgment as follows:
>
> > A court must grant summary judgment "if the pleadings, depositions,
> > answers to interrogatories, and admissions on file, together with the
> > affidavits, if any, show that there is no genuine issue as to any material
> > fact and that the moving party is entitled to judgment as a matter of law."
> > Under this test, the moving party may discharge its burden by "pointing
> > out to the [bankruptcy] court . . . that there is an absence of evidence to
> > support the nonmoving party's case."

*Buckeye Retirement Co., LLC, Ltd., v. Swegan (In re Swegan)*, 383 B.R. 646, 652-53 (B.A.P. 6th

Cir. 2008) (quoting *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (B.A.P. 6th Cir.1998)).

The Supreme Court instructs that a court must look beyond the pleadings and assess the proof

needed to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  After making an

assessment of the proof, the determinative issue is "whether the evidence presents a sufficient

disagreement to require submission to [the trier of fact] or whether it is so one-sided that one

party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106

S. Ct. 2505, 2512 (1986).  In this regard, the moving party carries the burden of showing there is

an absence of evidence to support a claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25, 106

S. Ct. 2548, 2554 (1986).  After the moving party meets this burden, the non-moving party must

go beyond the pleadings to identify more than a mere scintilla of evidence showing that there is a

genuine issue of material fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th

Cir. 1989); Fed. R. Civ. P. 56(e). "The respondent cannot rely on the hope that the trier of fact

will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in

order to defeat a properly supported motion for summary judgment.'" *Street*, 886 F.2d at 1479

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257, 106 S. Ct. at 2514 (1986)).

## RELEVANT FACTS

The following facts are not disputed:

1.      Debtors, Michael K. and Melissa J. Nutgrass, filed their joint Chapter 7 petition

on November 1, 2011, Case No. 11-30727 ("Main Case"), and received their discharge on

March 21, 2012.

2.      At the time they filed their petition, Debtor Melissa Nutgrass owned a 1997

Fleetwood Stoneridge Model manufactured home ("Home") and land ("Real Property," and

together with the Home, "Property") located at 122 McFarland Road, Waddy, Kentucky. [Joint

Stipulations, Doc. 36, ¶¶ 1-7, hereinafter "Jt. Stip. ¶ __"]. The Debtors occupied the Property as

their principal residence when they filed their bankruptcy petition. Jt. Stip. ¶ 13.

3.      The Debtors did not schedule the Home separate from the Real Property. *See*

Schedule A, Main Case Doc. 1.

4.      Debtors valued the Property at $110,000 and estimated the Property was subject

to secured debt in the amount of $109,000. Jt. Stip. ¶ 12.

5.      Debtors did not claim a homestead exemption in the Property. *See* Schedule C,

Main Case Doc. 1.

6.      On April 9, 1999, the Commonwealth of Kentucky, Transportation Cabinet,

issued a Certificate of Title to Melissa J. Rogers, k/n/a/ Melissa J. Nutgrass. Jt. Stip. ¶ 7.

7.      Green Tree is identified as the first lienholder on the Certificate of Title.  Jt. Stip.

¶ 7.

8.      As evidenced by their signature on the Order Granting Motion for Sale [Main

Case, Doc. 39], all of the parties agree that Green Tree has valid first liens on the Real Property

and the Home.  According to Green Tree's Proof of Claim No. 1, the outstanding balance owed

to Green Tree by the Debtors is $51,010.18.

9.      The Trustee admits that Citi has a valid lien against the Real Property ("Citi's

Mortgage").  Motion 5, 8.  According to Citi's Proof of Claim No. 4, the outstanding balance

owed to Citi by the Debtors is $61,026.10.

10.     Citi is not identified as a lienholder on the Certificate of Title.  Motion, Ex. B.

11.     As evidenced by the Trustee's admission that the Home cannot be removed from

the Real Property without causing substantial damage, the Home is permanently affixed to the

Real Property.

12.     Debtors did not execute an affidavit of conversion of the Home to real property

pursuant to K.R.S. § 186A.297.  Nor is there any indication that the Certificate of Title has been

surrendered to the county clerk.  Jt. Stips. ¶¶ 14, 15.

13.     According to the Shelby County Property Valuation Administrator, the assessed

value of the Home is $70,000 and the assessed value of the Real Property is $20,000.  Jt. Stip.

¶ 18.

### LAW AND ANALYSIS

1. <u>Citi Did Not Perfect its Lien in the Home under Kentucky's Statutory Scheme for Titling of, and Perfecting Security Interests in, Manufactured Homes</u>.

In Kentucky, a manufactured home (*i.e.,* a mobile home) is personal property.

Ownership is proven by issuance of a certificate of title for each manufactured home.  K.R.S.

§ 186A.070;[2] *U.S. Bank Nat'l Assoc. v. Barbee (In re Barbee)*, 461 B.R. 711, 716 (B.A.P. 6th Cir. 2011).  The only method to perfect a security interest in property that has a certificate of title is by notation of the lien on the certificate of title.  K.R.S. § 186A.190; *In re Barbee*, 461 B.R. at 717.  Citi admits its lien is not listed on the Certificate of Title, so Citi does not have a valid lien on the Home as personal property.

> 2. <u>The Home Was Not Converted to Real Property, so Citi's Mortgage Is Not Effective to Perfect A Security Interest in the Home.</u>

Kentucky provides a specific procedure for owners to convert a manufactured home from certificate of titled personal property to real property by (i) filing an affidavit with the county clerk that the manufactured home is permanently affixed to real property, and (ii) surrendering the certificate of title to the county clerk.  K.R.S. § 186A.297.[3]  Essentially, the manufactured home becomes an improvement, akin to a house constructed at the site.  Like the multitude of routine residential mortgage transactions in the Commonwealth, the secured creditor on the converted manufactured home perfects the lien by filing with the county clerk.

The Bankruptcy Appellate Panel for the Sixth Circuit addressed whether a creditor's lien in a manufactured home was avoidable by a debtor in a chapter 13 case where the owners had

---

[2] K.R.S. § 186A.070(1) provides:

> Except as otherwise provided, the state resident owner of a vehicle as defined in KRS 186.010(8)(a), manufactured home as defined in KRS 186.650, or trailer which will not be operated upon the highways of this state shall within fifteen (15) days apply for and obtain a certificate of title in his name. He shall not, however, be required to obtain a certificate of registration until the vehicle, manufactured home, or trailer is to be operated upon the highways of this state.

[3] K.R.S § 186A.297(1) provides:

> When a manufactured home is or is to be permanently affixed to real estate, the owner may execute and file an affidavit of conversion to real estate with the county clerk of the county in which the real estate is located.  The affidavit shall attest to the fact that the home has been or will be permanently affixed to the real estate and be accompanied by a surrender of the Kentucky certificate of title.  The county clerk shall file the affidavit of conversion to real estate in the miscellaneous record book.

not converted from titled personal property to real property pursuant to § 186A.297. *See In re*

*Barbee*, 461 B.R. at 717. The BAP ruled the lien was avoidable:

> It is undisputed that Debtor did not comply with Kentucky Revised Statute
> § 186A.297 by filing an affidavit of conversion and surrendering the certificate of
> title or by seeking a court order converting the property. Therefore, the
> manufactured home remained personal property, and the sole means of perfecting
> a lien on the home was by placing a notation of the lien on the certificate of title.
> It is undisputed that the Bank's lien was not noted on the certificate of title.
> Therefore, the Bank did not perfect its lien on Debtor's manufactured home.

*Id.*

It is undisputed that (i) there is an active Certificate of Title of record on the Home, (ii)

Citi's lien is not noted on that Certificate of Title, and (iii) the Debtors never took steps to

convert the Home from personal property to real estate as permitted by K.R.S. § 186A.297.[4]

Further, Citi admits the Debtors have not converted the Home to real property pursuant to

§ 186A.297. Therefore, Citi's Mortgage does not perfect a lien on the Home pursuant to

Kentucky's statutory priority scheme for manufactured homes.

3. Citi's Mortgage Does Not Create a Security Interest in the Home as a Fixture.

This fight is required because the secured creditor did not determine if the manufactured

home was titled under Kentucky law. If it had, Citi would surely have complied with

Kentucky's statutory scheme for perfecting liens in titled property. Citi did not, so it seeks to

legislate through the courts for a change in Kentucky law.

Citi makes several arguments to get around Kentucky's statutory scheme for titling of,

and perfecting a security interest in, manufactured homes. Citi contends, and the Trustee agrees,

---

[4] Neither has Citi obtained a prepetition state court order converting the Home to an improvement to real property.
*See Dickson v. Countrywide Home Loans (In re Dickson)*, 655 F.3d 585 (6th Cir. 2011) (Although there was no
notation of a lien on the certificate of title and no compliance with K.R.S. § 186A.297, mortgagee had a perfected
lien in a manufactured home by virtue of entry of a state court default judgment obtained by the mortgagee. The
mortgagee's lien, however, was avoidable by the Chapter 13 debtors because it was obtained within the 90-day
preference period.).

that the Home was permanently affixed to the Real Property at the time the Debtors entered into

the loan agreement and mortgage (against real property and fixtures).  Referencing Kentucky

statutory and common law, Citi asserts this action negates application of §§ 186A.070, 186A.190

and 186A.297 because the law of fixtures applies.

> a. <u>The Bankruptcy Court Will Not Attempt to Fix Citi's Perceived Flaw in
> Kentucky's Statutory Scheme</u>.

Citi argues that K.R.S. § 186A.297 is optional because "the owner may," but has no

obligation to, file the affidavit to change the nature of the manufactured home to real property.

Citi argues that making the statute optional suggests the manufactured home could still become a

fixture in ways recognized by common law.  Citi asserts attachment of the Home to the Real

Property prior to grant of Citi's Mortgage made the Home a fixture subject to Citi's Mortgage.

Accepting this argument would force the bankruptcy court to take on a legislative function,

fixing an alleged gap in the Kentucky statutory scheme.

This argument was addressed and refuted in a prior ruling in this Court.  *See In re Starks*,

No. 10-22108, 2011 WL 248521, *1 (Bankr. E.D. Ky. Jan. 24, 2011).  The Court in *Starks*

recognized that basic statutory interpretation voided the creditor's argument in that case.

Kentucky's statutory scheme was specific and controlled.  The Court in *Starks* provided:

> Basic statutory construction dictates that general language of a statutory provision
> will not be held to apply to a matter specifically dealt with in another statute.  *D.*
> *Ginsberg & Sons, Inc. v. Popkin,* 285 U.S. 204, 52 S. Ct. 322, 323, 76 L. Ed. 704
> (1932); *see also In re Kroskie,* 315 F.3d 644, 647 (6th Cir. 2003) ("the general
> rule that a security interest in a fixture can be perfected through a properly
> recorded mortgage in real estate does not govern where, as here, there is a specific
> statute dealing with mobile home security interests.")

*In re Starks*, 2011 WL 248521 at *4.

*Starks* further determined that it is within the province of the legislature to amend an

unambiguous statutory provision and the Kentucky legislature has not done so.  *Id.; see also*

*Boyd v. Chase Manhattan Mortg. (In re Kroskie)*, 315 F.3d 644 (6th Cir. 2003) (finding that a Michigan statute provided the sole method by which creditors could perfect security interests in manufactured homes and conflicting real property law no longer applied), *superseded by statutory amendment,* Mich. Comp. Laws § 125.2330i (2003)*, as recognized in Meoli v Citicorp Trust Bank (In re Oswalt)*, 444 F.3d 524, 527 (6th Cir. 2006).   Unless or until the legislature amends the law, secured creditors must follow Kentucky's statutory scheme for titling of, and perfecting liens in, manufactured homes.

b.      <u>Citi's Lien in the Home Is Not Perfected as a Lien on a Fixture</u>.

Citi asserts this case is different from *Starks* because Citi's loan and mortgage came after the Home was permanently affixed to the Real Property.  Citi contends this action turned the Home into a fixture,[5] thus subject to Citi's mortgage lien.  But the mere act of attaching the Home to the Real Property cannot negate the affect of Kentucky's statutory scheme for titling of, and perfecting a security interest in, manufactured homes.

Property interests are created by state law unless federal interests create a different definition.  *See Butner v. United States*, 440 U.S. 48, 55 S. Ct. 914, 918, 59 L. Ed. 2d 186 (1975). Kentucky law deems a manufactured home certificate of title property under K.R.S. § 186A.070 subject to perfection under K.R.S. § 186A.190 unless and until the parties go through the statutory process of changing the nature of the property set out in K.R.S. § 186A.297.  There is no federal interest affecting this issue that would require looking outside Kentucky's statutory scheme.

---

[5] It is hard to accept Citi's characterization of a permanently affixed manufactured home as a "fixture."  It seems a better descriptor is an improvement that a mortgage lien would capture regardless of whether the secured creditor had a lien on fixtures (no different than a mortgage lien on a non-manufactured home).  Therefore, the discussion of perfection of liens on fixtures might not even apply.  As Citi's arguments do not work even if the Home is considered a fixture, there is no need to flesh out this concern.

Citi cites *PHH Mortgage Services v. Higgason*, 345 B.R. 584 (E.D. Ky. 2006) in support of its position. *PHH Mortgage* does not, however, support Citi's argument. In *PHH Mortgage*, the United States District Court for the Eastern District of Kentucky concluded that "K.R.S. § 186A.190 remains the sole means of perfecting a lien on a (nonattached) manufactured home." *Id.* at 587. Apparently relying on the parenthetical, Citi argues that attaching the Home to the real property negates the impact of the Kentucky certification and priority scheme for manufactured homes.

The District Court's consideration of the issues in *PHH Mortgage* did not end after its initial conclusion, however. The District Court went on to hold that, "to be permanently affixed and converted to real property, K.R.S. § 186A.297 requires that the owner of the manufactured home file both an affidavit of affixment *and* surrender the certificate of title." *Id.* at 587 (emphasis in original). The record in *PHH Mortgage* did not contain proof a certificate of title was ever issued, so the District Court remanded for additional findings of fact. There is no question that a Certificate of Title on the Home was issued to the Debtors and the Debtors did not convert the Home to real property.

These arguments also ignore the full text of the Uniform Commercial Code and misread the specific statute addressed. Citi directs the Court to K.R.S. § 355.9-334, suggesting this statute recognizes the validity of liens in manufactured homes that are deemed fixtures under Kentucky's real property laws. K.R.S. § 355.9-334(2) provides: "(2) This article does not prevent creation of an encumbrance upon fixtures under real property law." Further, subsection (5) of § 355.9-334 provides:

> (5) A perfected security interest in fixtures has priority over a conflicting interest
> of an encumbrancer or owner of the real property if:

      (a)  The debtor has an interest of record in the real property or is in possession of the real property and the security interest:

            1.  Is perfected by a fixture filing before the interest of the encumbrancer or owner is of record; and

            2.  Has priority over any conflicting interest of a predecessor in title of the encumbrancer or owner;

K.R.S. § 355.9-334.

The Uniform Commercial Code specifically excludes certificated property from its reach. *See* K.R.S. § 355.9-109(3).  Section 355.9-109(3) provides:  "This article does not apply to the extent that: … (b) Another statute of this Commonwealth expressly governs the creation, perfection, priority, or enforcement of a security interest created by this Commonwealth or a governmental unit of this Commonwealth."  As already analyzed, Kentucky has set up a specific scheme addressing titling of, and security interests in, manufactured homes.  *See supra*. Therefore, the Uniform Commercial Code does not address perfection of a security interest in certificate of title property pursuant to K.R.S. §§ 186A.070(1) and 186A.190, so § 355.9-334 cannot apply.

Even without this exclusion, the UCC  would not affect the decision.  Section 355.9-334(2) merely recognizes that it is possible to create a lien on fixtures under the state's real property laws.  Section 355.9-334(5) does nothing more than address a dispute between competing lien holders when there is a conflict between perfection of a mobile home validly titled under Kentucky law (*see* K.R.S. §§ 186A.070(1) and 186A.190) and fixtures perfected under the Uniform Commercial Code.  Section 355.9-334 does not set up or recognize a separate means of perfecting an interest in a mobile home that becomes permanently affixed to the real estate before or after the grant and perfection of a security interest.

## CONCLUSION

For the foregoing reasons, the Trustee's Motion is granted in part and denied in part.  A

separate judgment is entered contemporaneously herewith.

Copies to:
Ryan R. Atkinson, Esq.
G. Michael Cain, Esq..
Mary Elizabeth Hils, Esq.
Richard M.  Nielson, Esq.

11

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.*



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, February 12, 2013**
**(grs)**